## SMITH vs BUSH.

### Opinion delivered September 25, 1902.

1. *Action—Dismissal of—Defective Affidavit—Unlawful Detainer.*

    Sec. 5102 Mansf. Dig. (Ind. T. Stat. Sec. 3307) specifies four grounds upon which an action may be dismissed by the court. In all other cases, except upon dismissal by plaintiff, there must be a decision upon the merits. An action of unlawful detainer may not be dismissed by the court for want of a proper affidavit, this not being one of the grounds specified in the statute.

2. *Unlawful Detainer—Defective Affidavit—Procedure in Case of.*

    In actions of unlawful detainer wherein the affidavit does not wholly comply with Sec. 3351 Mansf. Dig. (Sec. 2285 Ind. T. Stat.) leave to amend and cure the defect should be given or, if the complaint supported by affidavit is held good on demurrer, then a trial on the merits must be had under Sec. 5102 Mansf. Dig. (3307 Ind. T. Stat.) prohibiting the dismissal of an action for want of a proper affidavit, and under Sec. 5083 Mansf. Dig. (3288 Ind. T. Stat.) providing for the disregard of defects not affecting substantial rights of parties.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by Lydia Smith against Elijah Bush. Action dismissed. Plaintiff appeals. Reversed.

On May 23, 1900, the plaintiff below (appellant here) filed her complaint against the defendant below (appellee here), and alleged: That she is the owner and lawfully entitled to the possession of certain lands described in said complaint, "and that Elijah Bush, the defendant above named, after having peaceably

entered upon said premises, does now, and ever since the first day of January, 1900, has, unlawfully detained the same, after lawful demand has been made upon him for the delivery of such possession to this plaintiff." Said complaint is sworn to as follows:

"State of Kansas, Montgomery County. R. P. Kercheval, of lawful age, being duly sworn according to law, on his oath says that he is the attorney of the above-named plaintiff, and is personally acquainted with the facts and matters set forth in the above complaint and that they are true in substance and in fact; so help me God. (Signed ) R. P. Kercheval.

"Subscribed and sworn to before me, this 18th day of May, 1900. (Signed) Thos. Scurr, Jr., Notary Public, Coffeyville, Montgomery County, Kas. Commission expires January 26, 1901."

That summons and writ of possession was issued on the same day, and the marshal made his return of same, as follows:

"I have this day, June 12, 1900, executed the foregoing order by delivering to Elijah Bush, the defendant, a true copy, the plaintiff having executed to the defendant a written undertaking in the sum of $270.00, with C. W. C. Childers and Carrie Smith as surety, double the approved value of said property; which value was ascertained upon the oath of J. W. Staats in the sum of $135.00. Before the expiration of 10 days from date of service defendant made bond to plaintiff in sum of $270.00, with J. M. Polouc and Anderson Keen as sureties. Property was left in possession of defendant, and this writ returned without further service, this, the 26th day of June, 1900. (Signed) "Leo E. Bennett, U. S. Marshal. W. E. Shipley, Deputy."

On December 7, 1900, defendant answered, and denies the allegations of plaintiff and says that he rented the premises

sued for from S. S. Smith in November, 1897, and has been in possession under contract with said Smith since that date, and says said S. S, Smith is the owner of the premises, and asks that Smith be made a party defendant, and the case dismissed. On February 12, 1901, defendant filed demurrer to plaintiff's complaint as follows:

"Comes now the defendant, Elijah Bush, and demurs to plaintiff's complaint on the following grounds to wit: "First, Because plaintiff's complaint does not contain sufficient facts to constitute a cause of action. Second, Because plaintiff's complaint fails to show the relation of landlord and tenant between plaintiff and defendant. (Signed) Elijah Bush, by J. D. Cox, His Attorney."

On December 4, 1901, plaintiff filed her amended complaint, and alleged that she is the owner and entitled to the immediate possession of the premises described; that prior to the 1st day of January, 1900, the defendant rented the farm and improvements from the plaintiff, her agents and employes, and thereby became tenant; that the term expired on January 1, 1900, and pefendant has since that date, and does now, unlawfully hold and detain the said premises from the plaintiff after lawful demand upon him for the same, and prays judgment for possession and other relief; and said complaint is sworn to as follows:

"Carrie Smith, of lawful age, being first duly sworn, upon oath says, that she, as next friend of her daughter, Lydia Smith a minor brings this action, and that she has read the above and foregoing amended complaint, and understands the contents thereof, and that the facts, allegations, and averments therein set forth are true to the best of her knowledge and belief. (Signed) Carrie Smith.

"Subscribed and sworn to before me, a notary public in and for the Northern District of the Indian Territory, on this 15th

day of Oct., 1901. (Signed) Wm. E. Twitchell, Notary Public. (Seal.) "

On March 11, 1902, defendant filed motions to quash writ and to dismiss the action, which motions are set out in bill of exceptions, and on the same day said motions were overruled by the court. On March 12, 1902, defendant filed a demurrer to the amended complaint, and motion to dismiss the action, which motion to dismiss is set out in the bill of exceptions, and the demurrer was as follows:

"Demurrer. Come now the defendants, and demur to the amended complaint of the plaintiff, and for grounds of said demurrer state: (1) That the court has no jurisdiction of the subject-matter of this action. (2) That the plaintiff has no legal capacity to sue. (3) That there is a defect of parties plaintiff, and the said Carrie Smith hath no capacity to sue as next friend for the said minor, Lydia Smith. (4) That said amended complaint doth not state facts sufficient to constitute a cause of action. (Signed) Preston S. Davis, Attorney for Defendants."

On the same day plaintiff asked leave to amend the complaint by interlineation, which was refused, and plaintiff excepts. Plaintiff filed motion to strike out the name of S. S. Smith, and said motion is sustained, and defendant excepts, and thereupon the demurrer of defendant to amended complaint is heard and overruled by the court, and defendant excepts, "and thereupon comes on for consideration the motion of defendant to dismiss the action, and, the same being considered by the court, is by the court sustained. It is therefore considered, ordered, and adjudged that the cause be dismissed, at plaintiff's cost, and that defendant do have and recover of and from plaintiff all his costs herein laid out and expended, to be taxed by the clerk; to which plaintiff excepts, and asks for thirty days in which to prepare and tender bill of exceptions, and the plaintiff is

granted thirty days in which to prepare and tender bill of exceptions.   March 13, 1902, plaintiff files motion to reinstate case and also motion to r e i n s t a t e case and for new trial, which said motions are included in the bill of exception.   March, 13 1902.   On this 13th day of March 1902, comes on for consideration the motion of the plaintiff to reinstate the cause, and also the motion to reinstate and for a new trial, and the same are considered by the court, and overruled, and the plaintiff excepts, and asks for thirty days in which to prepare and tender bill of exceptions, and the plaintiff is granted thirty days in which to prepare and tender bill of exceptions."   On April 7, 1902, the plaintiff prayed an appeal from the judgments and orders to this court, which was granted.

*W. H. Kornegay* and *W. P. Thompson*, for appellant.

*Preston S. Davis*, for appellee.

TOWNSEND, J.   The appellant has filed five specifications of error, as follows:   "(1) The court erred in dismissing the case. (2) The court erred in not allowing the plaintiff to amend the proceedings.   (3) The court erred in not allowing the plaintiff to state wherein she desired to amend the proceedings.   (4) The court erred in refusing to reinstate the case, and in overruling plaintiff's motion to reinstate.   (5) The court erred in overruling plaintiff's motion for a new trial."

The first assignment of error is that the court erred in dismissing the case.   Section 5102, Mansf. Dig. (§3307, Ind. Ter. St. 1899), under the heading of "Pleadings and Practice," provides when a case can be dismissed by the court and when by the plaintiff.   It is as follows:   "An action may be dismissed without prejudice to a future action:   First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court.   Second. By the court where the

plaintiff fails to appear on the trial. Third. By the court for the want of necessary parties. Fourth. By the court on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. Fifth. By the court for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases, upon the trial of the action, the decision must be upon the merits." The second, third, fourth, and fifth subdivisions of said section provide in what cases the court is authorized to dismiss an action. It appears that the appellant was present at the trial. It does not appear that the court dismissed for the want of necessary parties. It does not appear that there were any defendants whom the appellant failed to prosecute with diligence, and it does not appear from the record that appellant was charged with the disobedience of any order of the court concerning the proceedings in the action; and in all other cases, except when dismissed by the appellant himself, the decision must be upon the merits. It therefore appears that under the provisions of this statute the court was not authorized to dismiss. It appears that the original complaint was filed May 23, 1900; that summons and writ of possession was issued and returned June 12, 1900; that appellant gave bond and appellee gave bond, and kept possession of property; that on December 7, 1900, appellee answered, and on February 12, 1901, without any leave of the court withdrawing answer, filed a demurrer to the complaint. It does not appear, however, that the same was passed upon by the court, and on December 4, 1901, appellant filed an amended complaint. On March 11, 1902, appellee filed motions to quash writ of possession, and to dismiss the action, and on the same day said motions were overruled by the court. On the next day —March 12, 1902—appellee filed demurrer to amended complaint and a motion to dismiss the action and quash the writ of possession. On the same day appellant asked leave to amend complaint, which was refused by the court, to which appellant

excepted, and on the same day said demurrer was overruled by the court, to which appellee excepted. The motion to dismiss the suit and quash writ of possession are the same, in substance, as the motions made the day previous, March 11, 1902, and overruled by the court to which appellee excepted. It does not appear from the record that the order overruling said motions had been set aside, modified, or interfered with in any respect, but, notwithstanding they were thus fully determined as above stated, the same motions were made the succeeding day, and were sustained by the court, to which appellant excepted. Said motions are as follows: "Motion to Dismiss and Quash Writ of Possession. Come now the defendants and move the court to dismiss the action and quash and vacate and set aside the writ of possession herein for the following reasons, and upon the following grounds, that is to say: That at the time this writ was issued there was no action pending in this court as required by law. There was no such complaint or statement in writing filed in the office of the clerk of this court as required by law, under Section 3351 of Mansfield's Digest (§ 2285, Ind. Ter. St. 1899), and at the time of the issuance of said writ and prior thereto there was no affidavit filed by plaintiff, nor of some other credible person for her, as required by law; and there has never been any affidavit filed in this action whatsoever, as absolutely required by law as a condition precedent to the issuance of said writ. That for these reasons this court has no jurisdiction of the subject matter of the action nor of the persons of the defendants, and there is no action properly before the court. (2) That the plaintiff has not the capacity to sue for the minor for the reason that the father of said minor is the lawful guardian of his children so long as he lives, and they are minors, and the father of the said minor is one of the defendants herein; and, the premises in question being the property of the father, the mother is powerless to act as guardian in the lifetime of the said minor plaintiff, Lydia Smith, without first obtain-

ing letters of guardianship and giving bond as required by law, under Section 3465 of Mansfield's Digest (§ 2361, Ind. Ter. St. 1899.) (Signed) Preston S. Davis, Atty. for Defendants." The court having overruled the demurrer to the amended complaint, it was evident that the complaint complied with section 3351 Mansf. Dig. (section 2285, Ind. Ter. St. 1899); and, if the affidavit did not comply with that provision of the statute, it was susceptible of amendment by the appellant. In Landfair vs Lowman (Ark.) 8 S. W. 188, the court, in passing on an attachment affidavit says: "If the objection had been made and sustained by the court on the ground that the affidavit was insufficient, leave to amend and cure the defect must have been extended to the plaintiffs, as we decided in Sannoner vs Jacobson, 47 Ark. 31, 14 S. W. 458." The appellant having given a bond before the writ of possession issued, and the appellee, without objecting to the sufficiency of the affidavit, having given a counter bond, it is exceedingly doubtful if appellee had not waived his motion to quash on the ground of a defective affidavit; but, the court, having held the complaint good, was not the appellant entitled to a trial regardless of any error or defect in the affidavit? Section 5083, Mansf. Dig. (§3288, Ind. Ter. St. 1899), says: "The court must, in every state of an action dirsegard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." We are of the opinion that the court inadvertently overlooked the provisions of these statutes, and that, therefore, the case must be reversed, with directions to the lower court to set aside the order dismissing the case and reinstate the same, and proceed according to law.